IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-6137

_____


IN THE MATTER OF:  GHR ENERGY CORPORATION,

                                                      Debtor.

MEDALLION OIL COMPANY, ET AL.,

                                                      Appellants,

                              versus

TRANSAMERICAN NATURAL GAS CORPORATION,

                                                      Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____

ON PETITION FOR REHEARING
(November 24, 1992)

(Opinion August 27, 1992, 5th Cir. 1992, ___ F.2d ___)

Before BRIGHT,[*] JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:


On petition for rehearing, Medallion Oil Company and H. S. Finkelstein ("Medallion") strenuously argue that this case is controlled by the Texas appeals court decision in Cain v. Neumann, 316 S.W. 915 (Tex. Civ. App. 1958).  In Cain, a third party held an overriding royalty interest in a lease that by its own terms would

_____

[*]Senior Circuit Judge of the Eighth Circuit, sitting by designation.

continue as long as "oil, gas, or other minerals can be produced thereon." The lessor and lessee purported to terminate the original lease and enter into a new lease that would effectively eliminate the overriding royalty owner's interest. Nevertheless, production on the leased property never abated. The facts in <u>Cain</u> suggested that the defending parties intentionally harmed the overriding royalty interest owner for their own unjustifiable benefit. The court held that the parties had not terminated the original lease and that the overriding royalty interest survived.

Medallion has failed to convince us that <u>Cain</u> controls the instant case. After careful thought and review, we conclude that, as far as our case is concerned, the greater force of authority is found in the more recent Texas Supreme Court decision in <u>Sunac Petroleum Corp. v. Parkes</u>, 416 S.W.2d 798 (Tex. 1967). In <u>Sunac</u>, the lessee allowed a lease to terminate that was subject to an overriding royalty interest. After the old lease terminated, the lessee procured a new lease of the property. Noting that the original lease had a surrender clause that expressly allowed the lessee to terminate his interest in the leased property, the Texas Supreme Court found that the lessee had no obligation to maintain the lease. The supreme court also pointed out that this was not a "washout" transaction "involving some bad faith on the part of the lessee." <u>Id.</u> at 804. The Texas Supreme Court then held that the new lease was not a continuation of the original lease and that the

-2-

overriding royalty interest of the sublessee, as we have held here, did not survive.

We must admit, however, that neither Sunac nor Cain controls the case before us. We believe that two factors are dispositive of this case: First, in this case the 1987 agreement between Transamerican and El Paso contained an express surrender clause. By its own terms, the lease ended when Transamerican surrendered its interest to El Paso. That agreement governs this case. Second, Transamerican and El Paso entered into the new agreement because of the dispute between them. The new agreement had nothing to do with the Medallion-Transamerican relationship. There was not even a hint of impropriety on the part of Transamerican.

We might well reach a different result if the facts here had suggested that Transamerican surrendered its interest in the lease to destroy the rights of the overriding royalty interest owner.

We, therefore, DENY Medallion's petition for rehearing.

D E N I E D.